(45 Misc. Rep. 260.)

### ARMSTRONG v. ARMSTRONG.

(Supreme Court, Special Term, New York County.   November, 1904.)

DIVORCE—EVIDENCE—SEPARATION.

> In an action for divorce, brought by the husband for adultery, where the wife sought a judgment of separation, and the jury found for plaintiff, and also found that the adultery was by procurement on his part, and that since the marriage he had treated the wife in a cruel and inhuman manner, and had willfully abandoned her, without justification, and had contributed to her support $20 monthly, in the absence of evidence to the contrary it would be assumed that he put in operation the acts resulting in the adultery, and that consequently he was not entitled to the divorce.

Action by James M. Armstrong against Bozena Armstrong for divorce.   Denied.

Wentworth, Lowenstein & Stern, for plaintiff.
Gillette & Clark, for defendant.

BLANCHARD, J.   In this action the plaintiff, the husband, seeks a divorce, and the defendant, the wife, a separation.   The findings of the jury establish the facts as follows:   That between March 1, 1903, and January 8, 1904, the defendant, the wife, at various times, committed adultery with the co-respondent; that in January, 1901, the plaintiff, the husband, by procurement and connivance, induced the co-respondent to attempt to commit adultery with the defendant; that since their marriage the plaintiff has treated the defendant in a cruel and inhuman manner; and that the plaintiff for the past three years has willfully abandoned the defendant, without cause or justification, and has contributed to her support during that period the sum of $20 per month.   In the absence of any evidence to the contrary, it will be assumed that when the plaintiff, by his connivance and procurement, induced the co-respondent to attempt to commit adultery with the defendant, he thereby put into operation the acts of the co-respondent, which finally resulted in the attempt becoming successful, causing the act of adultery to be committed by the wife.   The facts in this case are sufficient, in my judgment, to warrant the conclusion that the offense of adultery was committed by the procurement or with the connivance of the plaintiff, within the meaning of section 1758 of the Code of Civil Procedure.   In this case the argument that a husband may, with an honest intent, induce another, by connivance and procurement, to attempt to commit adultery with his wife, is without force, because the attempt here resulted in the actual commission of the act of adultery.   A divorce will therefore be refused to the plaintiff, but the defendant may have a decree of separation.

Ordered accordingly.